## KEATON *vs.* FORRESTER.

[WARNER, Chief Justice, being engaged in presiding over the senate, organized as a court of impeachment, did not sit in this case.]

Where the levy as entered on the *fi fa.* was upon one half of a certain lot of land, without specifying which half, or whether divided or undivided, and the court dismissed it for uncertainty, but not until after admitting all the plaintiff's evidence, and where said evidence neither made out title in the defendant in *fi. fa.*, nor possession by him of any part of the tract at or after the date of the judgment, there is no error. If the uncertainty of the levy could be and was aided by the claim affidavit and bond, still, as the evidence for the plaintiff failed to change the *onus,* there was nothing for the jury to try.

Claim. Levy and sale. Before Judge CRISP. Dougherty Superior Court. April Term, 1879.

Report unnecessary.

L. P. D. WARREN; H. MORGAN; STROZER & SMITH, for plaintiff in error,

VASON & DAVIS; W. T. JONES, for defendant.

BLECKLEY, Justice.

After the evidence for the plaintiff in execution was all in, the court dismissed the levy for uncertainty, the description of the property levied upon being, as entered by the officer, one-half of a certain specified lot of land, without pointing out which half, or saying whether it was a divided or an undivided half. The claim papers were more definite than the levy; they stated expressly that it was the part of the lot lying south of a certain road which was levied upon, and to which the claim was asserted. It is urged that the claim affidavit and bond aided the levy for the purposes of this case, and that the court ought to have looked to them as well as the entry on the *fi. fa.*, and that the uncertainty of the levy was changed into certainty by the affidavit and

bond. The reason assigned by the court for dismissing the levy may be sound or unsound, but the judgment of dismissal was indubitably correct. The evidence did not show that the lot or any part of it, any half, divided or undivided, was subject. There was no evidence of title in the defendant in *fi. fa.*, or of any possession by him at or after the rendition of judgment. The *onus* was not changed, and there was nothing for the jury to try.

Judgment affirmed.