MARCELINE STATE BANK, Appellant, v. E. H. SMITH et ux., Respondents.

Kansas City Court of Appeals, December 3, 1906.

1. **BANKRUPTCY: Lien: Subsequent Proceedings.** If a creditor has a lien on the property of his debtor for more than four months prior to the bringing of bankruptcy proceedings and begins an action to enforce his lien before the bankruptcy he may proceed in the State courts to enforce his lien notwithstanding the subsequent bankruptcy proceedings.

2. **ATTACHMENT: Garnishment: Lien: Bankruptcy.** The creditor brought his attachment more than four months before bankruptcy proceedings and summoned a garnishee who answered denying the possession of any property. After four months bankruptcy proceedings were instituted against the defendant. *Held,* the garnishment did not create a lien and the bankruptcy proceedings suspended the attachment proceeding. Cases considered and distinguished.

Bank v. Smith.

Appeal from Linn Circuit Court.—*Hon. John P. Butler,*
Judge.

AFFIRMED.

*C. C. Bigger* and *A. L. Burnes* for appellants.

(1) Plaintiffs, by their attachment against the defendants, and the service of garnishment on J. E. Howe thereunder, obtained a lien on any money, property or effects, in the hands of the garnishee, belonging to the defendant, E. H. Smith, and this lien, having been acquired more than four months prior to the filing of the petition in bankruptcy, by the defendant, E. H. Smith, was not affected by the subsequent adjudication and discharge, of said defendant, in bankruptcy. Bankruptcy Act of 1898, sec. 67; Hill v. Harding, 130 U. S. 702; Hurlbut v. Brown, 72 N. H. 235; Coal Co. v. Goodwin, 95 Me. 246; Metcalf v. Barker, 187 U. S. 165; Smith v. Lacey, 38 S. W. 702; In re Blair, 108 Fed. 529; In re Coal Co., 113 Fed. —; Marx v. Hart, 166 Mo. 503; Pepperdine v. Bank, 100 Mo. App. 387. (2) Judgment creates no new lien on the property of the defendant, Smith, but is a special judgment to aid in enforcing a lien already acquired; the State court, having acquired jurisdiction over any property, money or effects in the hands of the garnishee, such jurisdiction will not be divested by the bankruptcy proceeding, commenced more than four months after such jurisdiction and lien had been acquired. Authorities supra; Hidretter v. Oil Cloth Co., 112 U. S. 294.

*B. L. White* and *West & Bresnehen* for respondents.

Plaintiffs never had any lien to be enforced. They simply had Mr. Howe summoned as garnishee. The mere summoning of a garnishee creates no lien on the property in his hands, even though he be shown to have property in his hands. McGarvy v. Coal Co., 93 Mo. 237.

Bank v. Smith.

ELLISON, J.—Plaintiffs instituted this action against E. H. Smith and Mrs. E. H. Smith and sued out an attachment in aid. There were several grounds alleged for the attachment, but on trial of the plea in abatement only one was sustained, viz., that the defendants were about to remove from the State with intent to change their domicile. No property was attached belonging to Mrs. Smith and the attachment was dismissed as to her. The attachment writ was executed as to E. H. Smith by the sheriff on the 10th of February, 1905, summoning J. E. Howe as garnishee by declaring in writing to him that he attached in his hands all money, property and effects belonging to E. H. Smith. At the May term, 1905, regular, interrogatories were filed and propounded to Howe as to whether he had Smith's property in his hands, etc. Howe filed his answer to such interrogatories at the same term, denying that he had any property of Smith's or that he owed him anything.

Afterwards, the trial court made a finding and rendered judgment. In such finding and judgment it was found that the attachment by garnishment was served more than four months prior to a beginning of proceedings in bankruptcy by said E. H. Smith, but no judgment against the garnishee had then been rendered. The contest between the parties is as to the effect to be given to the bankruptcy proceedings found by the trial court to have been taken by E. H. Smith, as just set out.

It is the law that where a creditor has a lien against property of his debtor, which was a lien more than four months prior to the beginning of a proceeding in bankruptcy, and he begins proceeding in a State court to enforce it before bankruptcy proceedings are begun, he may proceed to enforce his lien in the State court, though the proceedings in the State court were begun within four months of the proceedings in bankruptcy. Thus, a creditor with a mechanic's lien may so proceed notwithstanding the after proceedings in bankruptcy.

[Seibel v. Siemon, 62 Mo. 255.] One acquires an equitable lien against his debtor's property by filing his creditor's bill and serving process; and so if he files such bill and obtains service of process more than four months prior to proceedings in bankruptcy, he may proceed to a finality in the State court notwithstanding after proceedings in bankruptcy. [Metcalf v. Barker, 187 U. S. 165.] Plaintiffs assume that they had an attachment lien against defendant's property antedating the proceeding in bankruptcy more than four months. But while the attachment writ was executed more than four months prior to the proceedings in bankruptcy, yet it was executed, not by an actual seizure of property, but by summoning a debtor of the defendant, as garnishee. That manner of executing a writ of attachment does not create a lien under the laws of this State. [McGarry v. Lewis Coal Co., 93 Mo. 237.] While the seizure of property under an attachment writ creates a lien, a mere garnishment does not. The cases of Marx v. Hart, 166 Mo. 503, and Pepperdine v. Bank, 100 Mo. App. 387, are not applicable to the facts of this case and do not, in any way, announce anything contrary to what we have here written. In the former, the proceeding involved sureties whereas it was the principal who was discharged in bankruptcy; and, besides the garnishment had ripened into a judgment (thereby becoming a lien) more than four months before proceedings in bankruptcy. This fact does not appear by any direct statement to that effect, but is clearly inferable from the face of the case. In the latter case, though judgment was rendered within four months of the beginning of proceedings in bankruptcy, an attachment lien was obtained more than four months before such proceedings by an actual seizure of property.

The view of the trial court was in accord with the law and is affirmed. All concur.