## ADA HARRISON v. HENRY CLEINO and SAMUEL N. PICKLER, Appellants.

### Division One, April 2, 1914.

**BRIEFS:** Statement of Points: Appeal Dismissed for Failure. The appeal is dismissed for failure of appellant to observe, in making his brief, the second clause of Rule No. 15 of the Supreme Court, that "all briefs . . . shall contain, separate and apart from the argument or discussion of authorities, a statement, in numerical order, of the points relied on, together with a citation of the authorities appropriate under each point."

Appeal from Phelps County.—*Hon. L. B. Woodside,* Judge.

*Jones Bros.* and *C. H. Shubert* for appellants.

*C. C. Bland* for respondent.

WOODSON, P. J.—The brief of appellants in this case is so flagrantly violative of the second clause of rule fifteen of this court, regarding the statement of the case, that we feel called upon to dismiss the appeal.

To tolerate a practice of this character, the court would waste much of its valuable time in trying to ascertain the points relied upon for a reversal of the case.

Clearly the meaning of the rule is, that the statement of the points shall be clearly and fully stated, in order that the court may comprehend therefrom the facts upon which the legal propositions presented for determination are predicated.

The only statement made of the case made by appellants is as follows:

"1.

"The court erred in rendering judgment for plaintiff under the evidence in this case, and the law applicable thereto. (All authorities below.)

"2.

"The defendant Pickler was a *bona fide* purchaser and holder of the Weems note at the time he foreclosed the deed of trust given by Weems to Gulick to secure the notes, and had before maturity for valuable consideration acquired the notes, in good faith relying on the validity of the same. State Bank v. Frame, 112 Mo. 502.

"3.

"The defendant Pickler was not a party to nor in privity with the suit of Scanlan against Gulick in ejectment. [State ex rel. v. St. Louis, 145 Mo. 551, l. c. 567; Pepperdine v. Bank of Seymour, 100 Mo. App. 387, l. c. 396; 23 Am. & Eng. Ency. Law, p. 99; Womach v. St. Joseph, 201 Mo. 467, l. c. 476 et seq.]

"4.

"When he took the deed of trust from Gulick, Scanlan was put on notice as to the outstanding Weems notes and deed of trust and that Gulick had sold same to Pickler; he thus 'fell into a pit he digged himself.' [Coleman v. Reynolds, 207 Mo. 463, l. c. 479; R. S. 1899, sec. 925 (R. S. 1909, sec. 2811); Meir v. Blume, 80 Mo. 179, l. c. 184; Gross v. Watts, 206 Mo. 373, l. c. 394-5; 2 Devlin on Real Property (3 Ed.), secs. 708, 727, 741 and 742; Sensenderfer v. Kemp, 83 Mo. 581 (bottom l. c. 588); Allen v. Ray, 96 Mo. 542, l. c. 548; Taaffe v. Kelley, 110 Mo. 127, l. c. 137; Abbe v. Justus, 60 Mo. App. 300; 2 Pom. Eq. Jur. (3 Ed.), sec. 594; Clark v. Lewis, 215 Mo. 173, l. c. 188; State Bank v. Frame, 112 Mo. 502, l. c. 512.]

"5.

"In the Scanlan v. Gulick case the question at issue was possession as between Scanlan and Gulick, and the outstanding Weems deed of trust would not control nor affect that issue, and the validity and force of the deed of trust by Weems was not properly a matter in judgment in that case. The 'thing demanded' was not identical with that demanded by Pickler in this case. [Womach v. St. Joseph, 201 Mo. 467, l. c. 476.]

"6.

"In the Scanlan case the question of outstanding title in Weems was in issue, but that question is not set at rest on the proof in this case by production of the deed itself, conveying the title from Gulick to Weems, supported by contemporary witnesses. [Williams v. Butterfield, 214 Mo. 412, l. c. 429.]"

From this statement no lawyer, judge or layman can form an intelligent idea of the case, much less of the legal propositions relied upon for a reversal of the judgment.

This so-called statement is nothing more than an assignment of errors required by the third clause of said rule fifteen, with authorities cited.

This being true, the appeal is dismissed "for failure" under the authority of rule sixteen. All concur.