## BROWN *versus* WILLIAMS.

An attachment of land upon mesne processs, creates a lien in favor of the creditor.

A levy of his execution, seasonably made after judgment, has relation to the time of the attachment.

Such proceedings dislodge and defeat all liens and incumbrances, made by the debtor subsequently to the attachment.

If the debtor intermarry, pending such attachment, and dies subsequent to such levy, his widow has no right of dower.

ACTION to recover dower in the land of Benjamin Brown, the demandant's late husband. While he owned the land it was attached upon a writ issued in a suit against him. While that attachment was pending he intermarried with the demandant. After the intermarriage, judgment against him was recovered in that suit, and a levy of the land was seasonably made upon the execution issued on the judgment. The husband died after the levy, and the attaching creditor subsequently conveyed the land to the tenant, by warranty deed. The case was submitted to the decision of the court.

*Bronson & Woart*, for the demandant.

It is a standing ordinance of the law that, the marriage, with seizin in the husband during the coverture, and the death of the husband, gives to the widow a title to dower.

The marriage and death are admitted. The only question then is, whether there was seizin during the coverture. This is denied by the tenant, who contends, that the seizin was prevented by the attachment. But it is plain, that the husband was seized both in law and in fact. Not till the levy, did the seizin pass. The statute requires the levying officer to deliver seizin.

SHEPLEY, C. J. — Suppose a creditor attaches land; the debtor then marries and conveys to a married man; judgment in the suit is obtained and a levy of the land is made; in whom is the right of dower?

*Bronson.* — I submit that it is in the debtor's wife. Though the debtor might not convey, so as to bar his own wife of dower; yet, perhaps the claim of his grantee's wife might be defeated by the attachment. A lien, coming up by operation of law, would bind the creditor as well as the debtor. The debtor's own wife is let into dower by operation of law. His grantee's wife could claim only under a voluntary act.

The binding power of a lien by attachment is not without

its exceptions. Suppose a mortgaged estate to be attached, a discharge of the mortgage would alter the creditor's rights. So in cases of outstanding taxes. They would overrule the attachment by operation of law. But the question, in this case, is whether the seizin was in the debtor. He could have maintained a writ of entry.

SHEPLEY, C. J. — During the attachment the seizin was unquestionably in the debtor. The true question is, whether the levy defeated the effect of the seizin, and thereby dislodged the right of dower, as in the case of an elder title coming in and defeating the seizin, both of the grantor and the grantee.

*Bronson.* — The occupant, though under a defective title, has seizin, and may maintain trespass upon it.

In this case, the husband's seizin continued till the levy. The attachment merely postponed his right to aliene.

Suppose a creditor attaches and dies before levy, the attachment would have given him no seizin, and his widow would have no dower.

This attachment was made prior to the registry act of 1838. A liberal construction should be given, especially where there was no record notice.

*J. H. Williams*, for the defendant.

The attachment devested the demandant's husband of his original seizin, at least to the extent of barring dower in a wife, afterwards taken. *Grosvenor* v. *Gold*, 9 Mass. 209, 211; *Davenport* v. *Tilton*, 10 Metc. 327; *Davenport* v. *Lacon*, 17 Conn. 278. An attachment is a specific lien for the debt. No act of the debtor can impair it.

The seizin is taken, by the attachment, into the custody of the law, and at the levy passes to the creditor.

The title by the levy takes effect, by relation, from the date of the attachment. 5 Greenl. 371; 3 Fairf. 148; 21 Maine, 164; 22 Maine, 109. It places the creditor in the same position, as would a conveyance from the debtor, made at the time of the attachment. The attachment sets the property apart for the creditor. The debtor's absolute domain is gone.

The law in its steady progress perfects the title, by simply converting the lien into ownership.

SHEPLEY, C. J. — The estate in which dower is demanded was attached as the property of Benjamin Brown before the demandant was married to him. After that time a levy was made upon it by virtue of an execution issued on a judgment recovered in that suit, within thirty days after judgment, and the levy was seasonably recorded. The estate is held by the tenant under a title obtained by that attachment and levy.

The cases cited by the counsel for the tenant show, that a title obtained by levy takes effect by relation at the time, when the attachment was made ; and that it operates as a statute conveyance made at that time.

If the husband of the demandant had conveyed the estate before his marriage with her, there would be no doubt, that the demandant would not be entitled to dower. As an attachment does not interrupt the seizin of the debtor, it is insisted, that his seizin during the coverture was sufficient to entitle the demandant to recover her dower.

It is true, that the husband had a seizin during coverture liable to be defeated by the subsequent proceedings, which have operated to defeat it from the time, when the attachment was made. A widow will not be entitled to dower, when it appears that the seizin of her husband has been defeated by an elder and better title. Her title must rest upon the title of her husband during coverture, and when it appears that his title has been so far defeated, that he had none in contemplation of law, during coverture, her right to dower fails. Litt. § 393. When she has been endowed, and the title of the husband is defeated by a paramount title, her dower must necessarily terminate upon the eviction. Butler's note, 170 ; *Durham* v. *Angier*, 20 Maine, 242.

It will not be necessary to consider the other points made in the case.                              *Demandant nonsuit.*