FIRST NATIONAL BANK OF SALEM *vs.* CHARLES P. REDMAN and another.

A seasonable levy of the execution on real estate attached on the writ, operates as a statute conveyance made at the date of the attachment.

Such a title is superior to a mechanic's lien for labor and materials, the earliest item of which is subsequent to the date of the attachment.

If a judgment for a lien-claim on a house include labor and materials for painting a fence and varnishing carpets, the lien is thereby defeated.

TAPLEY, J. This is a writ of entry. Both parties claim title under levies founded upon judgments against the same debtor. The plaintiff's is earlier in time. The defendant claims, however, that his was the perfection of a statute lien upon the premises, for materials furnished and labor performed thereon, and, therefore, takes precedence.

An examination of the papers in the case will discover two fatal objections to this claim of the defendant.

1. The date of the earliest item in the defendant's account is May, 1865. The date of the plaintiff's attachment is April 28, 1865. This attachment created a lien upon the estate, which ripened into title by the levy. The levy being duly made within the time required by law, the "title obtained by the levy takes effect by relation, at the time when the attachment was made; and it operates as a statute conveyance made at that time." *Brown* v. *Williams*, 31 Maine, 404.

The plaintiff, therefore, has a title originating before the defendant's claim, or any portion of it, came into existence.

2. The defendant in his action declares for "a lien on said house and lot, for labor done on, and materials furnished for repairing said house." His judgment embraces not only such labor and materials, but also for painting a fence and varnishing carpets.

These are not lien-claims, and judgment having been taken for

them as well as the others, the lien to secure the others was lost. *Johnson* v. *Pike*, 35 Maine, 291. *Lombard* v. *Pike*, 33 Maine, 141.

> *Defendants defaulted and action*
>
> *to stand for assessment of damages.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and DANFORTH, JJ., concurred.

*A. P. Gould & Henry Farrington*, for the plaintiffs.

*S. S. Marble*, for the defendants.