## THE PEOPLE OF THE STATE OF ILLINOIS
### v.
### CHARLES W. WEBER.

*Filed at Springfield May 12, 1896—Rehearing denied January 14, 1897.*

1. PARTIES—*foreclosure for drainage tax runs in name of People.* A bill to foreclose the lien for a drainage tax brought under section 253 of the Revenue act, as amended in 1881, (Laws of 1881, p. 130,) is properly brought in the name of the People alone, rather than for the use of the drainage district.

2. DRAINAGE—*provision as to foreclosure of lien for taxes applies to drainage tax.* A bill is properly filed under section 253 of the Revenue act, (Laws of 1881, p. 130,) for the foreclosure of a drainage tax, although the district levying the tax was organized under the act of 1879, (Laws of 1879, p. 120,) passed before statutory provision had been made for such foreclosure.

3. SAME—*a single forfeiture for two years' taxes supports foreclosure.* Forfeiture in two separate years is not a prerequisite to a bill to foreclose a lien for drainage taxes, under the statute (Laws of 1881, p. 130,) requiring that "taxes for two or more years upon the same description of property shall have been forfeited to the State," but it is sufficient that there is a forfeiture in one year for the taxes of two years.

4. PARTIES—*wife of owner not necessary party in suit to foreclose for taxes.* The wife of the owner of land is not a necessary party to a bill to foreclose a lien for drainage taxes on the ground of her homestead right, as the tax lien is superior to such right.

5. SAME—*mortgagees not necessary parties to tax foreclosure.* Mortgagees are not necessary parties to a bill to foreclose a lien for drainage taxes, as the superiority of the latter lien over the mortgage cannot be made the subject of litigation.

6. JUDGMENTS—*against lands for drainage taxes—collateral attack.* The judgment of the county court against lands for drainage taxes cannot be collaterally attacked in a bill filed to foreclose the lien thereof, upon the ground that the aggregate of the assessments was greater than the debt to be paid.

7. ESTOPPEL—*when land owner cannot dispute validity of drainage assessment.* A land owner who recognizes the validity of drainage assessments by participating in the proceedings, and consents to a compromise of differences concerning them by an arrangement under which the bondholders give up substantial rights, is estopped to dispute the validity of the assessments.

8. INTEREST—*when installments of drainage assessment draw interest before due.* Interest is properly allowed upon installments of drain-

age assessments not due, although the act under which the district was originally organized provided that installments should draw interest only from the time they became payable, where the original division was set aside and a new division into installments made after the passage of the amendatory act (Laws of 1885, p. 121, sec. 31,) providing that installments should draw interest from the time of confirmation until paid.

APPEAL from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

ALBERT AKERS, State's Attorney, for the People:

Petitioners and their privies cannot complain of the order. They are bound. *Blake* v. *People*, 109 Ill. 504.

It is also insisted by the defendant that before this proceeding can be taken there must be two valid judgments and two valid forfeitures to the State. A sufficient reply to that position will be found under section 253, chapter 120, of the Revised Statutes, under which this suit is brought. *People* v. *Henckler*, 137 Ill. 580; *Riebling* v. *People*, 145 id. 120.

G. EDMUNDS, (of counsel,) also for the People.

SPRIGG & ANDERSON, for appellee:

Parol evidence to prove that the figures were intended to represent dollars and cents in the tax judgment is not admissible. *Chicago* v. *Walker*, 24 Ill. 494.

The pretended forfeiture of 1893 for the tax of 1892, being for more than the judgment, was void. *Eppinger* v. *Kirby*, 23 Ill. 469; *Pitkin* v. *Yaw*, 13 id. 252.

A tax judgment for a greater amount than is legally due is void. *Harland* v. *Eastman*, 119 Ill. 22; *Riverside Co.* v. *Howell*, 113 id. 256; *McLaughlin* v. *Thompson*, 55 id. 249; *Gage* v. *Williams*, 119 id. 563.

The tax judgment of 1894 and forfeiture thereon are void. *Mann* v. *People ex rel.* 102 Ill. 346.

The tax judgment of 1893 for taxes of 1892 being void, the tax for that year became "back taxes," and not "forfeited taxes," and should have been added to the tax of

1893 in separate columns, designating the year. Revenue law, sec. 277, par. 279; *Neff* v. *Smyth*, 111 Ill. 108; *Nail Co.* v. *People*, 98 id. 404.

A tax judgment is not conclusive upon the owner unless he appears and resists, or consents to the application. Appellee did neither. *Cemetery Co.* v. *People*, 92 Ill. 619; *Nail Co.* v. *People*, 98 id. 399; *Mix* v. *People*, 116 id. 275.

Before a foreclosure proceeding will lie to collect a tax under section 253 of the general Revenue law, if it lies at all in the case of a special assessment, there must have been two forfeitures for succeeding years; and a forfeiture means an offer for sale upon a valid judgment, no purchaser, and a forfeit to the State. Revenue law, secs. 188, 201, 203, 253; *Biggins* v. *People*, 106 Ill. 271; *Scott* v. *People*, 2 Ill. App. 642; *People* v. *Henckler*, 137 Ill. 580; *Vetter* v. *People*, 3 Ill. App. 385; *Smith* v. *People*, id. 380.

The doctrine of estoppel is not binding upon or available by a stranger. *Massure* v. *Noble*, 11 Ill. 531.

A tax-payer is not estopped from interposing the defense of invalidity against a public tax because he has paid an installment of the same previously. *Schaeffer* v. *Bonham*, 95 Ill. 368; *Rock Island* v. *Husing*, 25 Ill. App. 600.

Estoppel does not apply as against acts of public officers. *People* v. *Brown*, 67 Ill. 438.

As this proceeding seeks to deprive Mrs. Weber of her homestead, she is a necessary party to the suit, homestead being an estate in the land to which it attaches. *Eldridge* v. *Pierce*, 90 Ill. 474; *Browning* v. *Harris*, 99 id. 456.

Mr. Justice Cartwright delivered the opinion of the court:

Appellants, by Albert Akers, State's attorney of Adams county, filed a bill under section 253, chapter 120, of the Revised Statutes, to foreclose a lien against lands of appellee for drainage taxes in the Indian Grave drainage district, in said county. The amount claimed by the bill for which it was alleged the lands had been forfeited

to the State was $298.32. On a hearing the court entered a decree of foreclosure for the sum of $158.67, and both parties have assigned errors.

It is claimed on the part of appellants that the circuit court erred in allowing only a portion of the judgment of the county court against the lands, while the cross-errors question the right to a decree of foreclosure for any sum. The cross-errors will be first noticed, since they attack the whole claim made under the bill.

The first claim made by appellee is, that section 253 of chapter 120 does not authorize a foreclosure for drainage taxes. The Indian Grave drainage district was organized under the act of 1879, providing for the construction, reparation and protection of drains, ditches and levees, and under that act it has been held that a foreclosure may be had under section 253. The bill was therefore properly filed under that section. *Gauen* v. *Moredock and Ivy Landing Drainage District*, 131 Ill. 446; *People* v. *Henckler*, 137 id. 580; *Sennott* v. *Drainage District*, 155 id. 96.

The right to file the bill in the name of the People alone is also questioned, on the ground that the county had no interest in the taxes, and that the bill should have been for the use of the drainage district. The county was interested in the foreclosure to the extent of the costs of the judgment in the county court; and as to the tax, section 34 of the Drainage act provides for the return of delinquent lands to the county collector and for like proceedings for the collection of delinquent assessments as in ordinary collections of State and county taxes by county collectors. The People have assumed the burden of collecting and distributing taxes of this character. Section 253 of chapter 120, providing for the foreclosure, requires the lien to be foreclosed in the name of the People of the State of Illinois, and when taxes are collected by such foreclosure proceedings they are required to be paid to the county collector, to be distributed by

him to the respective authorities entitled thereto. The bill was filed in the manner required by these sections of the statute.

A further claim is made that the bill could not be filed until there had been forfeitures in two separate years. But this claim is not sustained by the statute, which requires that taxes for two or more years upon the same description of property shall have been forfeited to the State. The taxes must be for two or more years, but it is not required that there shall be forfeitures occurring in different years. There was a judgment in the county court and a forfeiture in 1893, which were in some respects irregular and perhaps insufficient; but in 1894 there was a valid judgment for the sum of $298.32, under which the premises of appellee were forfeited to the State for the taxes of the two previous years. This was all that was required.

Appellee testified at the hearing that he was married and resided with his wife on the premises in question, and that there were two mortgages on the property. He insists that his wife was a necessary party on account of the homestead right, and that the mortgagees should also have been made parties defendant. The homestead is not exempt from the lien for taxes, and that lien is superior to all others. The interest of the wife or the mortgagees could not, under any circumstances or by any proof, be made superior to the lien for taxes, and as that question could not be made the subject of litigation, we see no reason for making any person defendant except the owner in possession of the land who is liable for the taxes, any more than in any other form of proceeding for the collection of such taxes. Every person interested in the premises must, at his peril, see that the lien for taxes is discharged.

Appellee contests the claim made by the bill on the merits, on several grounds. It would be a sufficient answer as to most, and perhaps all, of them, to say that

he was concluded by the judgment of the county court against his land. This is undoubtedly true as to the claims that the aggregate of the assessments would produce more money than the debt of the district which they were needed to pay, and that a part of the assessments had been abated by operation of law. If such defenses existed they should have been made in the county court. The judgment of that court, acting within its jurisdiction, cannot be collaterally attacked when a bill is filed to collect it. (*Riebling* v. *People*, 145 Ill. 120, and cases there cited.) If, however, the judgment of the county court against the lands could be attacked for any of the reasons alleged, we are of the opinion that such supposed reasons are without merit. They are, that the assessment rolls of benefits returned by the juries were defective, in not indicating that the figures given refer to dollars and cents; that the county court, in reviewing the reports of commissioners appointed to estimate the expenses of the improvement, illegally increased the amount so estimated, and that interest not authorized by law was included in the taxes.

Appellee, in his answer to the bill, stated that the assessment rolls were for certain sums of money in dollars and cents, of which certain stated sums were charged against the lands in question. The evidence also showed that the district was organized in 1879, and that Frederick Weber, the father of appellee, who owned the lands in question up to his death, July 18, 1890, was one of the petitioners participating in the proceedings had. In 1888 an order was entered in the county court by consent and agreement of the commissioners of the drainage district, the trustee for holders of bonds issued by the district, and owners of lands therein, in which proceeding appellee appeared, and, as he testified, by the order and direction of his father. In this order were recited the assessments, the issue of bonds, the time when the installments of the assessments were to be due, and the

amount remaining unpaid, and for the purpose of compromising existing differences it was ordered that the sale of certain lands for taxes should be set aside, that the unpaid installments of said assessments for benefits against the lands in said drainage district should be extended, and become due and payable in installments of five per cent, commencing September 1, 1900, ending September 1, 1918, and the bondholders surrendered thirty-five per cent of the bonds. Appellee is also one of the commissioners of the drainage district. Having recognized the validity of the assessments, and the differences concerning them having been compromised by an arrangement under which the bondholders gave up substantial rights, we think that appellee is now estopped to dispute the validity of such assessments.

Upon the organization of the drainage district, in 1879, the commissioners appointed to examine the lands reported the probable cost of the work at $80,000 and the probable annual cost of keeping the same in repair at $3500. The court modified the report by fixing the probable cost as $100,000 and the probable annual cost at $5000. In 1881 commissioners appointed to examine and report upon an application for a second assessment estimated the probable cost of the additional work at $100,000, and the court modified it by raising the amount to $190,000. The assessments of benefits were based upon the amounts fixed by the court in modification of the original reports, and appellee claims that they were invalid for that reason. What has been said with reference to the recognition of the validity of the assessments applies with equal force to this objection, if it should be considered that the statute did not contemplate an increase of the assessment, which question is not considered.

It is argued that interest was illegally allowed on installments of the assessments not due. Section 31 of the act of 1879, under which the district was originally

organized, provided that in case the assessment for benefits should be payable in installments they should draw interest at the rate of eight per cent per annum from the time they should become payable. This section was amended in 1885 so as to read as follows: "In case the assessments for benefits shall be payable in installments, such installments shall draw interest at the rate of six per cent per annum from the time of confirmation of the assessment until they are paid, and such interest may be collected and enforced as part of the assessment." At the time of the order before referred to, entered by consent in 1888, the original division was set aside and a new division into installments was made, as before stated, with the provision in the order that the installments should bear and draw interest at the rate of six per cent per annum, to be due and payable each year on the first day of September, commencing September, 1889, and said interest to be assessed and collected each year, the same as if an installment. The amendatory act of 1885 was then in force, and we think there was no error in the assessment for interest.

The complaint of appellants is, that the court allowed only part of the judgment rendered by the county court. There was no want of jurisdiction in the county court to pronounce that judgment, and it was conclusive against appellee. It could not be reduced in amount by the circuit court in a collateral proceeding to foreclose the lien, and the decree should have been for the amount of the judgment.

The decree is reversed and the cause remanded, with directions to the circuit court to enter a decree of foreclosure for $298.32,—the amount of the judgment in the county court,—against the lands of appellee, and for costs.     *Reversed and remanded.*

Mr. JUSTICE CARTER took no part in the decision of this cause.