STICKNEY AND BABCOCK COAL COMPANY

*vs.*

SHEPARD S. GOODWIN.

Penobscot.    Opinion April 16, 1901.

*Attachment.    Fraudulent Conveyance. · Levy.    Bankrupt Acts of 1867 and 1898.    R. S., c. 76, § 14; c. 81, § 56.*

An attachment of real estate made more than four months prior to the time of the filing of a petition in bankruptcy, by or against the defendant, is not dissolved by the filing of such petition and the subsequent proceedings in bankruptcy.

Where a special attachment is directed· and made of real estate, of which the defendant once had the legal title but which in the writ is alleged to have been conveyed by him prior to the attachment, in fraud of the plaintiff, a creditor, and where the defendant has, more than four months after the attachment filed his petition in bankruptcy, been adjudged a bankrupt and received his discharge, the cause of action being one provable against him in bankruptcy, the plaintiff, if in other respects entitled to judgment, is entitled to a special judgment against the property attached or claimed to have been attached.

Under such circumstances, the court in the original action cannot determine

whether or not there was an attachment in fact, or inquire into the alleged fraudulent conveyance. These questions must be subsequently determined in proper proceedings, when all the persons legally interested are before the court as parties. In this case the court only decides that the attachment, if one exists, has not been dissolved by the proceedings in bankruptcy, and that the plaintiff is entitled to a special judgment against the property claimed to have been attached.

But the enforcement of the execution issued upon the judgment, thus rendered, will give the creditor a momentary seizin of the land levied upon sufficient to enable it to maintain a real action for its recovery in its own name. R. S., c. 76, § 14. In such action, the rights of the parties interested can be determined.

On report. Judgment for plaintiff.

Assumpsit upon account annexed and a promissory note. The defendant duly pleaded a discharge in bankruptcy, under the act of 1898, upon his petition filed September 23, 1899. The plaintiff, admitting that the discharge was a bar to a personal judgment and claiming an attachment was made by him more than four months prior to the proceedings in bankruptcy, moved for a special judgment against the property so attached. The defendant denied that an attachment had been made.

*C. H. Bartlett*, for plaintiff.

*B. C. Additon and D. W. Nason*, for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

WISWELL, C. J. On May 16, 1899, the plaintiff commenced suit against the defendant upon a promissory note. In the writ there was a direction to attach the goods and estate of the defendant and especially to attach two parcels of real estate, particularly described, alleged to belong to the defendant, but to have been conveyed by him, one parcel to his wife and the other to his son, by deeds dated October 31, 1898, in fraud of the plaintiff, a creditor at the time of the conveyances. Upon the same day an attachment was made of all the defendant's real estate and interest in real estate in Penobscot county, and at the same time a special attachment was made, as directed, of the two parcels described in the writ and alleged to have been fraudulently conveyed.

The defendant filed his voluntary petition in bankruptcy in the clerk's office of the U. S. District Court in this District on September 23, 1899, and was duly adjudged a bankrupt and subsequently received his discharge in accordance with the provisions of the Bankruptcy Act of 1898.

It is, of course, conceded that the cause of action sued was provable against the defendant in bankruptcy, and that consequently the defendant's discharge is a bar to this action against him. But the plaintiff does not seek for a judgment against the defendant. It asks for a special judgment against the property attached, or claimed to have been attached, upon the original writ. We see no reason why the plaintiff is not entitled to such judgment.

By section 67, subdivision f. of the Bankruptcy Act of 1898, "all levies, judgments, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt." This section applies to a case where a voluntary petition is filed by the bankrupt, as well as to a case where the petition is filed against him. *Jones* v. *Stevens*, 94 Maine, 582.

But this attachment was not made within four months prior to the time of the filing of the petition in bankruptcy. It was made several days more than four months prior to the filing of the petition. The language of the act, above quoted, to the effect that all attachments made within four months prior to the filing of the petition in bankruptcy shall be dissolved, is equivalent to an express provision for the preservation of attachments made more than that time before the filing of the petition, as decided by this court in considering a similar provision of the Bankruptcy Act of 1867 in *Leighton* v. *Kelsey*, 57 Maine, 85.

The attachment not being dissolved by the bankruptcy proceed-

ings, if the plaintiff could not have a judgment against the property claimed to have been attached, it would be entirely without remedy, although, as we have seen, the attachment was not dissolved and although the property attached, even if fraudulently conveyed more than four months prior to the filing of the petition, would not pass to the defendant's trustee in bankruptcy.

That, under such circumstances, a plaintiff might have judgment and execution against the property attached was twice decided by this court while the Bankruptcy Act of 1867 was in force. *Bowman* v. *Harding*, 56 Maine, 559; *Leighton* v. *Kelsey*, supra. There is nothing in the present act which would cause a different conclusion.

It is argued that the plaintiff should not have judgment against the property claimed to have been attached, it being conceded that the plaintiff obtained by the attachment no lien upon any real estate except the two parcels especially attached, because the record owners of these parcels are not parties to this proceeding, and have had no opportunity to make their defense; and that under the constitution of this state these record owners should have an opportunity to defend and should have a right to a trial by jury. But it is not necessary that they should be parties to this suit, or should have an opportunity to make any defense before judgment in this suit is ordered, because we cannot at this time, upon the plaintiff's motion for a judgment against the property, pass upon the question of the alleged fraudulent conveyance, or determine whether the plaintiff has an attachment in fact.

These questions must be subsequently adjudicated in other proceedings, when the record owners will have ample opportunity to contest the claim of the plaintiff that this property was conveyed by the defendant in fraud of his creditors. We do not decide at this time that the property formerly owned by the defendant was conveyed by him in fraud of his creditors; that involves a question of fact to be subsequently decided when all persons interested are parties,—but only that the plaintiff has an attachment, if the real estate was, in fact, the property of the defendant so far as creditors are concerned at the time of the attachment, and that such attach-

ment, if one exists in fact, has not been dissolved by the proceedings in bankruptcy. The judgment, followed by the enforcement of an execution issued thereon, only permits the plaintiff to proceed further, and have the question as to the alleged fraudulent conveyances determined later in proper proceedings.

By R. S., c. 76, § 14: "A levy may be made on land fraudulently conveyed by a debtor. . . . . . In such case, the tenant in possession shall not be ousted, but the officer shall deliver to the creditor a momentary seizin sufficient to enable him to maintain an action for its recovery in his own name." And by R. S., c. 81, § 56, all real estate liable to be thus taken on execution may be attached on mesne process. If a conveyance is fraudulent and void as to creditors, the title is regarded as remaining in the fraudulent grantor, and the judgment creditor by a levy acquires such seizin as enables him to maintain a real action against the fraudulent grantee. *Marston* v. *Marston*, 54 Maine, 476.

Here, the legal title of the property attached was once in the debtor: if the conveyances or either of them, were fraudulent as to this creditor, the plaintiff has by its attachment acquired a lien which may be perfected by enforcement of the execution issued on this judgment; but before the tenants can be ousted the question must be determined in proper proceedings.

The plaintiff is, therefore, entitled to judgment against the property claimed to have been attached in the original writ. The case is remanded to nisi prius for a determination of the amount for which the plaintiff is entitled to such judgment.

*So ordered.*