AMERICAN AGRICULTURAL CHEMICAL COMPANY

*vs.*

THOMAS G. AND ARVILLA F. HUNTINGTON.

Aroostook.    Opinion December 12, 1904.

*Attachment.    Fraudulent Conveyance.    Levy.    Practice.    Bankrupt Act 1898.*

A general attachment of all of a defendant's real estate and interest in real estate, in a certain county, made more than four months before the filing of a petition in bankruptcy by or against the defendant, in an action wherein the cause of action is provable in bankruptcy, is sufficient to entitle the plaintiff to a special judgment against the property claimed to have been attached, where the defendant had the title to certain real estate after the debt sued was contracted, which had been conveyed prior to the commencement of the suit, but which conveyance is claimed by the plaintiff to have been made in fraud of creditors and therefore void as to him, a creditor at the time.

If the real estate which the defendant owned prior to the attachment, was conveyed by her for the purpose of defrauding her creditors, such conveyance was void as to this plaintiff, a creditor at the time of the conveyance. If void, as to creditors, it was a nullity and should be entirely disregarded in these proceedings. That question we do not and cannot now decide. After the plaintiff has judgment against the property claimed to have been attached, has taken out execution, and levied upon this property the question as to whether or not the conveyance was fraudulent, and as to whether or not it was in fact the property of the defendant at the time of the attachment, can then be raised and decided in appropriate proceedings, in which all persons interested may be, and necessarily must be, made parties.

As a matter of practice, inasmuch as the record does not show what real estate is claimed to have been covered by the attachment, the plaintiff should make a written motion for the judgment desired, particularly describing the property against which judgment is desired, and which, it is claimed, is covered by the attachment, because conveyed in fraud of creditors, supported by the affidavit of the plaintiff or his attorney that it is believed that such property was fraudulently conveyed and was covered by the attachment.

On report.    Case remanded to nisi prius for further proceedings in accordance with the opinion.

Assumpsit upon account annexed.

The case is stated in the opinion.

*Herbert W. Trafton,* for plaintiff.

*Ira G. Hersey, R. W. Shaw and W. S. Lewin,* for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.   On February 2, 1901, the plaintiff commenced an action of assumpsit upon an account annexed to a writ against the defendants, and on the same day caused a general attachment to be made of all the real estate and interest in real estate which the defendants, or either of them, had in Aroostook County.   The action was duly entered in court and continued from term to term until the September Term, 1903, of this court in Aroostook County.   In the meantime, on September 3, 1901, one of the defendants, Arvilla F. Huntington, filed her voluntary petition in bankruptcy in the United States District Court, and on the seventh of that month was duly adjudicated a bankrupt by that court; later, she received her discharge.   At the September term, 1903, of the court the plaintiff discontinued against the other defendant and asked for a special judgment against the real estate of the bankrupt which had been attached more than four months prior to the commencement of the bankruptcy proceedings by her.

The case comes to the law court upon a report, for this court to determine whether the plaintiff is entitled to such judgment.   The case further shows that at one time, since the debt sued was contracted, but before the commencement of the suit, the defendant had in her own name the title to real estate, which has since been conveyed to her husband.   The plaintiff claims that this conveyance was void as to him, a creditor at the time of the conveyance, because conveyed in fraud of creditors.

This statement of facts presents precisely the same question that was decided in *Stickney & Babcock Coal Company* v. *Goodwin,* 95 Maine, 246, except in one particular.   In that case the officer was directed to especially attach, and did so attach, certain real estate particularly described and alleged to have been conveyed by the

defendant in fraud of the plaintiff, a creditor at the time of the con-
veyance. In this case there was no such special attachment directed
or made, but, as we have seen, there was a general attachment made
of all of this defendant's real estate in the county. We cannot see
why this difference in the manner of making the attachment should
affect the result, or why the plaintiff should not have a special judg-
ment against the property claimed to have been attached, and which
attachment if any was not dissolved by the bankruptcy proceedings.

A general attachment such as was made upon the plaintiff's writ,
is sufficient to create a lien upon any real estate owned by the defend-
ant at the time of the attachment. If the real estate which, as is
admitted, she owned prior to the attachment, was conveyed by her
for the purpose of defrauding her creditors, such conveyance was
void as to this plaintiff, a creditor at the time of the conveyance. If
void as to creditors it was a nullity and should be entirely disre-
garded in these proceedings. That question we do not and cannot
now decide. After the plaintiff has judgment against the property
claimed to have been attached, has taken out execution, and levied
upon this property, the question as to whether or not the conveyance
was fraudulent, and as to whether or not it was in fact the property
of the defendant at the time of the attachment, can then be raised
and decided in appropriate proceedings, in which all persons inter-
ested may be, and necessarily must be, made parties.

Certain statements contained in the opinion of the court in *Bowley*
v. *Bowley*, 41 Maine, 542, are relied upon in opposition to this
motion for a special judgment, but an examination of that case shows
that the case was decided upon the ground that the creditor had
proved a part of the indebtedness sued against the estate of the bank-
rupt, in the bankruptcy proceedings, and this was held to be an
abandonment of the attachment.

Our conclusion is, that, notwithstanding the attachment was gen-
eral instead of special as in *Stickney & Babcock Coal Company* v.
*Goodwin*, supra, the plaintiff is entitled to judgment against the
property claimed to have been attached. We think, however, that
as a matter of practice, inasmuch as the record does not show what
real estate is claimed to have been covered by the attachment, the

plaintiff should make a written motion for the judgment desired, particularly describing the property against which such judgment is desired, and which it is claimed is covered by the attachment, because conveyed in fraud of creditors, supported by the affidavit of the plaintiff or his attorney that it is believed that such property was fraudulently conveyed, and was covered by the attachment.

*Case remanded to nisi prius for further proceedings in accordance with this opinion.*