Harry W. Snell et al. *vs*. George A. Libby.

Somerset.      Opinion, August 29, 1940.

*Frank L. Ames*, for plaintiffs.
*Clayton E. Eames*, for defendant.

SITTING : BARNES, C. J., STURGIS, THAXTER, MANSER, WORSTER, JJ.

STURGIS, J.   This is a real action to recover possession of land and buildings in St. Albans, Maine. The case was heard by a referee under rule of court with right to except to questions of law reserved. On issues raised by a plea of *nul disseizin*, the tenant prevailed. The case comes forward on exceptions to the acceptance of the report.

The material facts involved in the case are not in controversy. The demandant, Harry W. Snell, formerly owned and had the entire title to the real estate described in the writ. On June 25, 1925, he mortgaged the premises to the demandant, Ralph H. Dyer, who thereafter on May 26, 1936, foreclosed for breach of condition and the mortgagor's right of redemption expired. Ralph H. Dyer claims title and right of possession under this foreclosure. On what ground Harry W. Snell bases his joinder as a demandant does not appear.

The record shows that while Harry W. Snell owned the demanded premises he failed to pay the taxes assessed thereon for the years 1917 to 1922 inclusive, and the tax collector of St. Albans brought suit, on September 3, 1923, made a general attachment of the demanded premises, and in due course thereafter recovered judgment and execution issued. In levying the execution, the officer seized "all the right, title and interest" which Harry W. Snell, the

judgment debtor, had in the demanded premises, which then as at the time of attachment was the entire title thereto, but at the sale on May 9, 1925, sold and gave a sheriff's deed for only the right, title and interest which the execution debtor had "in and to nine-tenths of the whole of the premises." The purchaser, on March 18, 1931, quitclaimed his interest in the property to the tenant in this action, who claims to have acquired thereby title to nine-tenths of the demanded premises.

The referee properly found that the suit for taxes brought by the collector of St. Albans, upon which nine-tenths of the judgment debtor's property was sold, was simply an action of debt and not a special proceeding to enforce the statutory lien on the real estate for the taxes. R. S., Chap. 13, Sec. 3 ; R. S., Chap. 14, Sec. 28. And he ruled that the execution sale was valid, and by virtue of the priority of the attachment made in the suit in which the execution issued, the title of the tenant in nine-tenths of the judgment debtor's property, which is the premises demanded here, is superior to that of the demandant, Ralph H. Dyer, under the foreclosure of his mortgage. There was no error in the ruling as to the priority of the levy. It is well settled that where real estate has been attached and the attachment preserved, an execution levied under a judgment recovered in the suit operates as a lien from the date of the attachment and has priority over all intervening encumbrances. A title obtained by a levy duly made takes effect by relation as of the time when the attachment was made and operates as a statute conveyance made at that time. *First National Bank of Salem* v. *Redman,* 57 Me., 405 ; *Brown* v. *Williams,* 31 Me., 404 ; *Nason* v. *Grant,* 21 Me., 160 ; 23 C. J., 511 ; R. S., Chap. 90, Sec. 31.

It is the opinion of this court, however, that for other reasons this sheriff's sale was void and the tenant has no title thereunder. The attachment and the seizure on execution were both of "all the right, title and interest" which the judgment debtor had in the real estate upon which the levy was made, which was the entire fee. The officer, at the direction of the creditor or for other reasons which do not appear, sold only the right, title and interest which the debtor had in nine-tenths of the property. If this can be construed as an execution sale of a common and undivided nine-tenths interest in the debtor's lands, it is void. The debtor owned the entire fee. By

the weight of authority, a sheriff cannot sell on execution less than the entire estate which is bound by the lien of the attachment and has been seized. When the defendant in execution owns the entire fee, the officer cannot sell an undivided interest and thus make the purchaser a tenant in common with the defendant in execution. The character of the debtor's estate cannot be so changed at the pleasure of the judgment creditor or of the sheriff. *Jewett* v. *Whitney*, 43 Me., 242 ; *Willbanks* v. *Untriner*, 98 Ga., 801, 25 S. E., 841 ; *Wheatley* v. *Tutt*, 4 Kan., 166; *Reigle* v. *Seiger*, 2 P. & W. (Penna.), 340 ; *Mc-Glauflin* v. *Shields*, 12 Penna., 283 ; 25 American & English Encyc. (2nd Ed.), 748 ; 23 Corpus Juris 621.

Moreover, the sheriff's deed purporting to convey nine-tenths of the execution debtor's property does not state that the interest sold was undivided. Nor does it show if a divided interest was sold, in what part of the lands seized it is located. It is a cardinal rule that an execution sale of an undesignated part of a large tract of land, there being no means of distinguishing the portion sold from the residue, is void. 2 Freeman on Executions (3d Ed), Sec. 281 ; 23 Corpus Juris 621. See *Keaton* v. *Forrester*, 63 Ga., 206. Compare *Larrabee* v. *Hodgkins*, 58 Me., 412.

The case discloses, however, that the tenant in this action claims title to the demanded premises under another sheriff's deed. In the year 1931, Harry W. Snell was still in possession of his real estate as mortgagor. The tax for that year was not paid and the collector of taxes of St. Albans then in office brought an action of debt for the collection of that tax and the enforcement of the lien therefor given by the statute. R. S., Chap. 13, Sec. 3. A special attachment was made, judgment obtained, and execution taken out, upon which on April 8, 1933, the officer making the levy sold the property. All proceedings in connection with this sale appear to have been in strict compliance with the statute providing for the enforcement of such a tax lien. R. S., Chap. 14, Sec. 28. This time, the execution debtor's entire estate was seized and sold and the purchaser having received his deed, in due course quitclaimed the property, which was the demanded premises, to the tenant in this action.

The demandant, Ralph H. Dyer, in his attack upon this sheriff's sale, shows that in the suit for the 1931 tax on the demanded premises, although he was the mortgagee of record, he was not made a

party or served with process, the mortgagor, Harry W. Snell, against whom the tax was assessed being the only defendant named and summoned. This non-joinder and failure of service, he claims, invalidates the tax lien sale, and the acceptance of the report of the referee ruling adversely on this point is included in the errors alleged.

In R. S., Chap. 14, Sec. 28, authorizing the enforcement by an action of debt of the lien for taxes created by Sec. 3, Chap. 13, R. S., it is provided that:

> "Such action shall be begun by writ of attachment commanding the officer serving it to specially attach the real estate upon which the lien is claimed, which shall be served as other writs of attachment to enforce liens on real estate. . . . If no service is made upon the defendant, or if it shall appear that other persons are interested in such real estate, the court shall order such further notice of said action as appears proper, and shall allow such other persons to become parties thereto. If it shall appear upon trial of said action that such tax was legally assessed on said real estate, and is unpaid, and that there is an existing lien on said real estate for the payment of such tax, judgment shall be rendered for such tax, interest, and costs of suit against the defendants and against the real estate attached, and execution issued thereon to be enforced by sale of such real estate in the manner provided for a sale on execution of real estate attached on original writs."

Also that:

> "Any person interested in said real estate may redeem the same at any time within one year after the sale of the same by the officer on such execution, by paying the amount of such judgment and all costs on such execution with interest at the rate of ten per cent a year."

As a reading of this tax lien enforcement statute makes apparent, the only provision therein for joinder of or notice to those interested in the real estate upon which the tax is laid, other than the person against whom the tax is assessed, is that when it shall appear that such other persons are interested the court shall order such notice

of the action as appears proper and allow them to become parties. Neither here or elsewhere in the statutes is express direction found for service of process upon and joinder of a mortgagee as an interested third party unless and until the court takes action. Such a direction cannot be implied. The tax lien takes precedence over all other claims on the real estate and continues in force until the tax is paid. R. S., Chap. 13, Sec. 3. The interest of a mortgagee cannot under any circumstances or by any proof be made superior to the lien for taxes. Except for the statute and as therein expressly provided, he is not entitled to notice and joinder as a party defendant in an action to enforce the collection of a tax assessed on the mortgaged property. *People* v. *Weber*, 164 Ill., 412, 416, 45 N. E., 723. In the case at bar, the mortgagee apparently failed to protect his mortgage either by making known to the court having jurisdiction over the tax lien proceedings that he was an interested party or by redeeming the real estate from the tax sale as provided by the statute. He must now abide the consequences of his failure so to do. Title to the whole of the mortgaged premises, which are the demanded premises, passed to the purchaser through the sheriff's sale and by mesne conveyance thereafter vested in the tenant. There was no error in the ruling of the referee that the title obtained by the tenant through the 1931 tax lien sale has precedence over that of the demandant, Ralph H. Dyer, under his mortgage.

The other objections to the acceptance of the report, upon which the demandant bases his exceptions are without merit. The contention that there were errors in the assessment of the 1931 tax which invalidate the execution sale made to enforce the lien of that tax, and with it the title which the tenant has thereunder, cannot be sustained. Evidence tending to show error in the assessment was excluded by the referee as inadmissible and no exception was reserved. If the evidence were in the case, the demandant could not maintain his challenge. The tax judgment rendered by a court of general jurisdiction is not open to this collateral attack. *Gibbs* v. *Southern*, 116 Mo., 204, 22 S. W., 713. See 34 Corpus Juris 516 and cases cited.

Nor was there error in the ruling that the taxation of the demanded premises to Harry W. Snell after the real estate had been sold on execution in the tax suits did not constitute a waiver of the

sales and nullify such title as passed thereunder to the purchaser and his privies. The record shows that Harry W. Snell remained in possession after the execution sales either as mortgagor or tenant or agent of the mortgagee of the premises, and until 1934, a tax upon the land was each year assessed against him. In this state under the statutes, land may be assessed either to the owner or the person in possession on the first day of April and the assessors may continue to assess the same to the person to whom it was last assessed although the ownership or occupancy is changed, unless previous notice is given of such change and of the name of the person to whom it has been transferred or surrendered. R. S., Chap. 13, Secs. 9 and 26. It not appearing that notice was ever given to the assessors of St. Albans of the change of ownership resulting from the sales on execution which have been here reviewed, the land was properly taxed to Harry W. Snell as the person in possession. The claim that such an assessment by waiver or otherwise destroys the validity of sales on execution to enforce the collection of prior taxes or liens therefor finds no support in reason or authority.

Regardless of the reasons therefor, which have been carefully considered, the ruling of the referee was that "neither plaintiff" (that is, demandant) is entitled either jointly or severally to recover any portion of the demanded premises as against the defendant . . . and judgment should be rendered for the defendant." On this record, that ruling was correct. The tenant, George A. Libby, obtained title to the whole of the demanded premises under the sheriff's sale of April 8, 1933, on execution taken out on judgment entered in the proceedings to enforce the lien of the 1931 tax assessed against the premises. That he failed to gain title to a nine-tenths divided or undivided interest in the lands under the sheriff's sale on execution to enforce the collection of the 1917-1922 taxes is not of consequence, and the erroneous reasoning of the referee on that question is immaterial here. Exceptions do not lie to reasons given for a ruling, but only to the ruling itself. It would be trifling with judicial procedure to set aside the report of a referee, in which he had ruled correctly, for errors which can in no way affect the ruling and are not prejudicial.

There was no error in the acceptance of the report of the referee by the Trial Court.

*Exceptions overruled.*