**In the Matter of DESIGN BUILDERS, INC., Debtor.**

**FIRST AMERICAN TITLE CO., Plaintiff,**

v.

**DESIGN BUILDERS, INC.; Northwest Savings & Loan; Thermal Systems, Inc.; Water & Waste Water Equipment Co.; Western Cabinet & Millwork, Inc.; Wilson and Dodge Contractors; Intermountain West Insulation; A to Z Lumber & Coal Co., Inc.; Robert Baum, dba Baum's Heating and Air Conditioning; Cantrell Plumbing; Redford Electric, Inc.; Mark Weeks & Robert Raub; Boise Cascade Corporation, James W. Carrie and E. Sharlene Carrie; Overhead Door Co. of Southwestern Idaho, Inc.; Northwest Fireplaces, Inc.; Farnsworth Construction; Does I through L; and Gordon Nielson, successor trustee, Defendants.**

Bankruptcy No. 81–0226.

United States Bankruptcy Court, D. Idaho.

Oct. 8, 1981.

---

James S. Underwood, Jr., Boise, Idaho, for Gordon Nielson, Successor Trustee.

Don L. Roberts, Mountain Home, Idaho, for A to Z Lumber & Coal Co. Inc.

Ralph J. Gines, Boise, Idaho, for Redford Electric and Robert Baum, dba Baum's Heating & Air Conditioning.

Michael G. Pierce, Boise, Idaho, for Intermountain West Insulation.

Patrick J. Cole, Gigray, Miller, Downen & Weston, Caldwell, Idaho, for Overhead Door Co. of Southwestern Idaho, Inc.

Robert G. Hamlin, Boise, Idaho, for James W. Carrie and E. Sharlene Carrie.

Paul L. Westberg, Boise, Idaho, for Cantrell Plumbing.

Claire Dwyer, Collins, Manly & Williams, Boise, Idaho, for Wilson & Dodge Contractors.

## MEMORANDUM DECISION AND ORDER

MERLIN S. YOUNG, Bankruptcy Judge.

Design Builders, Inc. filed a petition for relief under chapter 11 of the Code on November 28, 1979; this proceeding was converted to a chapter 7 in October, 1980. First American Title Company, as plaintiff, filed the instant interpleader action on May 19, 1981. See Rule 722, FRCP 22(1). The corpus interpleaded consists of the proceeds of the sale of three parcels of land: Lot 5, Block 1, Stone Tree Subdivision, Mountain Home, Idaho; Lot 3, Block 3, Summerwind # 2 Subdivision, Mountain Home, Idaho; and Lot 4, Block 1, En Casa Villa Subdivision, Mountain Home, Idaho. A fourth parcel was sold but from which no proceeds are available for distribution through this proceeding.

The matter is before the court upon the trustee's motion for summary judgment declaring certain mechanic's and materialmen's liens against the subject property,

and hence the proceeds from their sale, to be avoidable under 11 U.S.C. § 545. The question was submitted upon briefs by agreement of the parties at pretrial conference.

The trustee's motion seeks to avoid the following claimed liens under Section 545:

1. A to Z Lumber & Coal Company, Inc.
2. Redford Electric, Inc.
3. Intermountain West Insulation
4. Overhead Door Co. of S.W. Idaho, Inc.
5. Robert Baum dba Baum's Heating and Air Conditioning.
6. Boise Cascade Corporation (James W. Carrie and E. Sharlene Carrie, substituted parties).

The contested lien claims are for material supplied and labor furnished and are "statutory liens" as defined by 11 U.S.C. § 101(38). Specifically, the trustee contends that they are unperfected or unenforceable against him. Section 545 provides:

"The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

. . . (2) is not perfected or enforceable on the date of the filing of the petition against a bona fide purchaser that purchases such property on the date of the filing of the petition, whether or not such a purchaser exists; . . ."

In Idaho such statutory liens arise in the following manner. A right to lien is established by statute in I.C. § 45–501.[1] This

---

1. § 45–501. Right to lien.—Every person performing labor upon, or furnishing materials to be used in the construction, alteration or repair of any mining claim, building, wharf, bridge, ditch, dike, flume, tunnel, fence, machinery, railroad, wagon road, aqueduct to create hydraulic power, or any other structure, or who grades, fills in, levels, surfaces or otherwise improves any land, or who performs labor in any mine or mining claim, and every professional engineer or licensed surveyor under contract who prepares or furnishes designs, plans, plats, maps, specifications, drawings, surveys, estimates of cost, on site observation or supervision, or who renders any other professional service whatsoever for which he is legally au-

thorized to perform in connection with any land or building development or improvement, or to establish boundaries, has a lien upon the same for the work or labor done or professional services or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement or his agent; and every contractor, subcontractor, architect, builder or any person having charge of any mining claim, or of the construction, alteration or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this chapter: provided, that the lessee or lessees of any mining claim shall not

lien becomes enforceable by subsequent judicial foreclosure after the filing of a notice of claim of lien with the county recorder for the county in which the property supplied labor or material is situated. This claim of lien must be filed within a specified statutory period. I.C. § 45–507 [2]; *Pierson v. Sewell,* 97 Idaho 38, 539 P.2d 590 (1975); *Weeter Lumber Company v. Fales,* 20 Idaho 255, 118 P. 289 (1911). *Accord, Nohrnberg v. Boley,* 42 Idaho 48, 246 P. 12 (1925) (re: farm laborers' liens). The effective date of the lien is the date on which the lienor commenced to work or furnish materials. I.C. § 45–506; *Metropolitan Life Insurance Company v. First Security Bank,* 94 Idaho 489, 491 P.2d 1261 (1971).

Section 545 is limited in its operation by § 546(b), which provides:

"The rights and powers of the trustee under section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

Here all contested liens were filed for record in November and December, 1979, within the statutory filing period. Though some such filings were subsequent to the petition for relief under chapter 11, the first sentence of § 546(b) allows such filing as against the trustee's avoiding powers since that filing causes the lien to relate back in time to the date of commencement of supplying of labor or material. Such lien claimants could file and perfect their liens without violating the automatic stay. See § 362(b)(3). The contested liens are thus perfected and valid as against the trustee under § 545 unless Idaho law requires an additional act for perfection, which would require the notice provided for in the second sentence of § 546(b).

The trustee contends that such notice is required because I.C. § 45–510 [3] requires the commencement of proceedings to enforce the lien in a proper court within six months after the lien claim has been filed or the lien is lost. Although the Idaho

---

be considered as the agent or agents of the owner under the provisions of this chapter.

**2.** § 45–507. Claim of lien.—Every original contractor, professional engineer or licensed surveyor claiming the benefit of this chapter must, within ninety (90) days, and every other person must, within sixty (60) days, after the completion of any building, improvement or structure, or after the completion of the alteration or repair thereof, or in case he cease to labor or perform professional services thereon before the completion thereof, then after he so ceases to labor or to perform professional services or after he has ceased to labor or to perform professional services thereon for any cause, or after he has ceased to furnish materials therefor, or after the performance of any labor or professional services in a mine or mining claim, file for record with the county recorder for the county in which such property or some part thereof is situated, a claim containing a statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of the claimant, his agent or attorney, to the effect that the affiant believes the same to be just.

**3.** § 45–510. Duration of lien.—No lien provided for in this chapter binds any building, mining claim, improvement or structure for a longer period than six (6) months after the claim has been filed, unless proceedings be commenced in a proper court within that time to enforce such lien; or unless a payment on account is made, or extension of credit given with expiration date thereof, and such payment or credit and expiration date, is indorsed on the record of the lien, then six (6) months after the date of such payment or expiration of extension. The lien of a final judgment obtained on any lien provided for in this chapter shall cease five (5) years from the date the judgment becomes final, but if such period of five (5) years has expired or will expire before September 1, 1947, the owner of such judgment lien shall have until September 1, 1947, within which to levy execution under such judgment.

Supreme Court has held in *Willes v. Palmer*, 78 Idaho 104, 298 P.2d 972 (1956) that this statute is something more than an ordinary statute of limitation, I conclude that commencement of an action under I.C. § 45–510 is not an element of "perfection" as that term is used in §§ 545 and 546, but is merely a time limitation on enforcement which is tolled by 11 U.S.C. § 108(c) of the Code, which provides:

"(c) Except as provided in section 524 of this title, *if applicable law*, an order entered in a proceeding, or an agreement *fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor*, or against an individual with respect to which such individual is protected under section 1301 of this title, *and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—*

(1) *the end of such period*, including any suspension of such period occurring on or after the commencement of the case; *and*

(2) *30 days after notice of the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim.*" (Emphasis Added).

Section 362(c) establishes that the stay operates until closing, dismissal, or discharge. Section 727(a)(1) establishes that corporations do not receive a discharge. Therefore, it is my conclusion that in the case at bar the six month period for enforcing a perfected lien under Idaho law is tolled by § 108 until 30 days following closing or dismissal of the case or 30 days following a termination of the stay pursuant to § 362(d).

In conclusion, I find the contested liens valid as against trustee and the six month statutory limitation upon enforcement of said liens tolled.

Counsel may prepare an order in accord with this Memorandum Decision.