In re S. Timothy MILLS, Patricia A. Mills, Debtors.

Harvey J. PUTTERBAUGH, Trustee, Plaintiff,

v.

INTERNATIONAL HARVESTER CREDIT CORP., Defendant.

Bankruptcy No. 181–00301.
Adv. No. 183–0027.

United States Bankruptcy Court, D. Maine.

Aug. 10, 1983.

Donald H. Marden, Waterville, Me., for debtors and Harvey J. Putterbaugh, Trustee.

Harvey J. Putterbaugh, Portland, Me., trustee.

F. Bruce Sleeper, Jensen, Baird, Gardner & Henry, Portland, Me., for International Harvester Credit Corp.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The trustee seeks by this action to avoid an attachment by International Harvester Credit Corporation against real property of the debtors in the amount of $100,000 authorized by the Maine Superior Court in May of 1979. That attachment was recorded in the Kennebec County Registry of Deeds on May 30, 1979, and judgment for International Harvester against the debtors for $215,862.75 was entered in state court on July 1, 1981. The debtors filed their petition in bankruptcy on September 23, 1981.

The trustee's complaint seeks to have "any attachment, lien or other encumbrance on real property of the Debtors ... be declared null and void...."[1] The trustee argues (1) that the issuance and recording of the attachment did not constitute a "transfer" until a final judgment was rendered in the underlying state court action; (2) the attachment was dissolved pursuant

to Me.Rev.Stat.Ann. tit. 14, § 4602 by the filing of the bankruptcy petition; and (3) that the attachment was dissolved pursuant to Me.Rev.Stat.Ann. tit. 14, § 4601 by the passage of 60 days following entry of final judgment in the state court action.

Under State law, an attachment of real estate, when properly recorded, creates a lien. See *American Agricultural Chemical Co. v. Huntington,* 99 Me. 361, 363, 59 A. 515, 516 (1904); *see also McInnes v. McKay,* 127 Me. 110, 115, 141 A. 699, 702 (1928); Me.Rev.Stat.Ann. tit. 14, § 4454 (1964). A recorded attachment, while it does not destroy the debtors' title or right to sell, is effective against subsequent purchasers. *See McInnes v. McKay,* 127 Me. at 115, 141 A. at 702. Furthermore, where title to attached realty is later obtained by levy, the title obtained "takes effect by relation, at the time when the attachment was made...." *First National Bank of Salem v. Redman,* 57 Me. 405, 405 (1869) (quoting *Brown v. Williams,* 31 Me. 403, 406 (1850)); *see Snell v. Libby,* 137 Me. 62, 64, 15 A.2d 148, 149 (1940).

A "transfer," as defined in 11 U.S.C. § 101(40), includes a conditional, involuntary parting of an interest in property. For purposes of avoiding preferential transfers, a transfer of real property occurs when the transfer is perfected, and perfection occurs when a bona fide purchaser of such property cannot acquire an interest superior to that of the transferee. 11 U.S.C. §§ 547(e)(1)(A), 547(e)(2). Thus, after the attachment in this case was recorded in May, 1979, the transfer had taken place. Since the transfer occurred well outside of the 90-day preference period, the trustee cannot avoid it as a preference under 11 U.S.C. § 547. *See Suppa v. Capalbo (In re Suppa),* 8 B.R. 720 (Bkrtcy.D.R.I.1981).

Me.Rev.Stat.Ann. tit. 14, § 4602 provides that an attachment of real property is dissolved "by a decree of insolvency on his

---

1. Count I of the complaint, while unclear, may allege that entry of the July 1st judgment itself constituted an avoidable preference. *But see Young v. Nadelson Displays, Inc. (In re Lucasa International, Ltd.),* 14 B.R. 980, 8 B.C.D. 444 (Bkrtcy.S.D.N.Y.1981). If so, the trustee has failed to pursue that argument in his brief, and the Court treats it as abandoned.

estate before a levy or sale on execution. . . ." Similar provisions have been a part of Maine law since at least 1871. R.S. 1871, ch. 81, § 65 ("All attachments on real . . . estate are dissolved by . . . a decree of insolvency on his estate before a levy or sale on execution. . . ."). Yet, in several cases, the Maine Supreme Judicial Court has held that attachments made prior to a bankruptcy filing were not dissolved by the filing, even when no levy or sale on execution had taken place. *See American Agricultural Chemical Co. v. Huntington,* 99 Me. 361, 59 A. 515 (1904); *Stickney and Babcock Coal Co. v. Goodwin,* 95 Me. 246, 49 A. 1089 (1901); *see also Belfast Savings Bank v. Lancey,* 93 Me. 422, 45 A. 523 (1900) (dicta). The explanation for these results is that the pertinent part of section 4602 refers not to bankruptcy estates, but to *probate estates* —a decree of insolvency upon a deceased's estate rendered prior to levy or sale on execution dissolves an attachment of real property. *See Belfast Savings Bank,* 93 Me. at 429, 45 A. at 524.

 Finally, Me.Rev.Stat.Ann. tit. 14, § 4601 provides that an attachment of real estate continues for 60 days after final judgment. That period may be extended by court order. In this case, the debtors filed their bankruptcy petition a few days before the 60 day period was to have expired. The trustee argues that the attachment dissolved because International Harvester failed to obtain relief from stay in order to extend the period or conduct a levy sale on execution before the 60 days had passed.

Title 11 U.S.C. § 108(c) provides that if applicable law fixes a period for commencing or continuing a civil action in a court other than the bankruptcy court on a claim against the debtor, and such period has not expired before the date of the filing of the petition, then the period does not expire until at least 30 days after notice of the termination or expiration of the automatic stay. The Court finds that the 60 day period is a time limitation on enforcement which is stayed under section 108(c). *Cf. In re Design Builders, Inc.,* 18 B.R. 392, 8

B.C.D. 793 (Bkrtcy.D.Idaho 1981) (provision of Idaho law voiding mechanic's liens unless enforced within 6 months is stayed under 11 U.S.C. § 108(c)).

The trustee's complaint shall be denied.