**FLEET BANK OF MAINE, Plaintiff,**

and

**Federal Deposit Insurance Corporation, Plaintiff and Counterclaim Defendant,**

v.

**John D. DRUCE, Charlotte Druce, SPI Liquidating Trust, County Enterprises, Inc., Ruth Zollinger, John Dix Druce, Jr., Robert Zollinger, Raymond Zollinger, George Zollinger, Jennifer Druce, Defendants and Counterclaim Plaintiffs.**

**No. 91–0053–B.**

United States District Court, D. Maine.

May 17, 1991.

Jerrol A. Crouter, Drummond Woodsum Plimpton & MacMahon, Portland, Me., for plaintiff.

---

John N. Kelly, Timothy H. Norton, Kelly, Remmel & Zimmerman, Portland, Me., for County Enterprises, Inc. and Druce, defendants and counterclaim plaintiffs.

Jeffrey M. White, Pierce Atwood, Portland, Me., for SPI Liquidating Trust.

George F. Burns, Amerling & Burns, P.A., Portland, Me., for Zollinger defendants and counterclaim plaintiffs.

## MEMORANDUM OF DECISION AND ORDER ON MOTIONS FOR RECONSIDERATION OF ORDERS GRANTING SUBSTITUTION OF PARTIES

GENE CARTER, Chief Judge.

Defendants move for reconsideration of two orders issued by the Court on March 12, 1991 which permitted: (1) the Federal Deposit Insurance Corporation (hereinafter FDIC) to substitute for Maine Savings Bank (hereinafter MSB) as the plaintiff in the pending claim seeking declaratory judgment that MSB properly dishonored a $1.12 million letter of credit; (2) Fleet Bank of Maine (hereinafter Fleet Bank) to substitute for MSB as the plaintiff in the pending claims for fraud which seek nondeclaratory relief and damages; and (3) the FDIC to substitute for MSB as the counterclaim defendant with respect to claims for wrongful dishonor of the letter of credit. *See* Endorsements on Motions of FDIC and Fleet Bank for Substitution of Parties (Docket Nos. 2 & 3). Defendants/Counterclaim Plaintiffs seek reconsideration of the Court's order[1] and the following repositioning of the parties: (1) Fleet Bank should be joined as a coplaintiff and a counterclaim defendant on the declaratory judgment claim and the wrongful dishonor claim respectively; and (2) the FDIC should be joined as a coplaintiff on the fraud claim for nondeclaratory relief and damages.

This extraordinary procedural posture is said to be necessitated by the Purchase and Assumption Agreement between the FDIC and Fleet Bank which distributed the assets and liabilities of MSB after that bank failed and the FDIC instituted a receivership on February 1, 1991. MSB's assets, including the present claims seeking nondeclaratory relief and damages, were sold to Fleet Bank, while the FDIC retained MSB's liabilities, including the claims for wrongful dishonor of the letter of credit and the declaratory judgment action. As a result, Fleet Bank succeeded to MSB's status as the plaintiff on the fraud claims, but has no role in either the declaratory judgment action or the counterclaims for wrongful dishonor. The FDIC, on the other hand, assumed MSB's role as the plaintiff in the declaratory judgment action, and the counterclaim defendant in the action by Defendants/Counterclaim Plaintiffs seeking payment on the letter of credit.

Defendants propound two arguments. First, Defendants represent that an order of attachment in the amount of $1.3 million was issued by the Lincoln County Superior Court against MSB's property on February 28, 1990 and filed in the Cumberland County Registry of Deeds on MSB's real property on March 9, 1990. The attached property is now owned by Fleet Bank pursuant to the Purchase and Assumption Agreement; however, the attachment issued because of the reasonable likelihood of Defendants' success on their counterclaims for wrongful dishonor of the letter of credit to which Fleet Bank is no longer a party. As a result, Defendants argue that Fleet Bank must be joined as a coplaintiff on the declaratory judgment actions relating to the letter of credit and as a counterclaim defendant on the wrongful dishonor claims.

Fleet Bank's purchase of MSB's property does not, either as a matter of Maine law or as a matter of fact in this case, dissolve Defendant's attachment on the property. As Defendants themselves point out, "the Purchase and Assumption Agreement between the FDIC and Fleet under which Fleet obtained the real property of MSB specifically provides that those assets were purchased by Fleet 'subject to all liabilities

---

**1.** Defendant SPI Liquidating Trust initiated this motion for reconsideration; however, each defendant joined in the motions immediately

thereafter. As a result, the Court will consider the motions to have been made on behalf of all Defendants.

for indebtedness collateralized by security interests and/or Liens affecting such Assets.'" *Memorandum of Defendant SPI Liquidating Trust In Opposition to Motions for Substitution of Parties* at 9 (Docket No. 3M). In addition, Maine law assures that a recorded attachment is effective against subsequent purchasers. *In re Mills,* 32 B.R. 507, 508 (Bankr.D.Me. 1983).[2] Any judgment obtained by Defendants on their counterclaims against the FDIC remains secured by the attachment on the property now in Fleet Bank's possession. Accordingly, there is no reason to join Fleet Bank as a party in the manner sought by Defendants.

■ Second, Defendants argue that they are entitled to set off the value of the letter of credit against any liability which might arise out of the fraud claims for nondeclaratory relief and damages. Defendants then argue that this right of setoff will somehow be infringed if the FDIC is not joined as a coplaintiff in the fraud claims. Setoff is generally available in these circumstances;[3] however, the FDIC simply has no interest of any kind in the fraud claims for nondeclaratory relief and damages. Even if Defendants succeed on their counterclaims and Fleet Bank succeeds on its fraud claims, the FDIC's status as a disinterested nonparty will not change. Defendants have not offered any evidence or argument which would justify requiring the FDIC to participate in litigating claims in which it is completely disinterested.

Accordingly, the Court hereby DENIES Defendants' motion to reconsider the orders granting the motions of the FDIC and Fleet Bank to substitute parties.

So ORDERED.

---

2. The Court expresses no opinion on either the validity of the attachment obtained by Defendants or the effectiveness of the alleged recording of the attachment.

3. The Court does not mean to imply that setoff is proper in the specific circumstances of this case. The Court need not and does not reach that issue.